# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN EDGAR WILLIAMS, III, )
)
      **Plaintiff,** )
)
v. ) Case No. 17-CV-271-TCK-FHM
)
KATHLEEN WOLFE, )
JERRY BARLOW, )
SEAN HIRSCH, )
CHRIS STRAIGHT, )
)
      **Defendants.** )

## OPINION AND ORDER

On May 15, 2017, Plaintiff, a state inmate appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). The Court granted Plaintiff's motion to proceed in forma pauperis (Dkt. # 4), and Plaintiff paid an initial partial filing fee on June 19, 2017 (Dkt. # 6). By Order filed September 20, 2017 (Dkt. # 8), the Court identified several deficiencies in Plaintiff's complaint and directed Plaintiff to file an amended complaint by October 20, 2017. Plaintiff timely filed an amended complaint (Dkt. # 11).[1] For the following reasons, the Court finds that the amended complaint shall be dismissed without prejudice.

**A.    Screening/Dismissal standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim

---

[1] On October 17, 2017, Plaintiff filed a motion for extension of time to file his amended complaint (Dkt. # 9). Because Plaintiff timely filed his amended complaint on October 20, 2017, Plaintiff's motion for an extension of time shall be declared moot.

and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b), 1915(e)(2)(B). The court applies the same dismissal standard under the PLRA as it uses in reviewing a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). But "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Id.* at 558.

Additionally, when a plaintiff appears pro se, the court must liberally construe the complaint. *Kay*, 500 F.3d at 1218. This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.      Amended complaint shall be dismissed**

Plaintiff brings this action under § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

Plaintiff generally alleges that "[o]n May 19, 2015 [his] rights were violated by the individuals named as defendants" and identifies two specific claims. Dkt. # 11 at 2. In Count I of his amended complaint, Plaintiff alleges that while he was incarcerated in the Tulsa County Jail, Sergeant Chris Straight, Sergeant Jerry Barlow and Detention Officer Sean Hirsch violated his Fourteenth Amendment due process rights by falsely accusing him of theft, placing him in segregation without notice and a disciplinary hearing, and harassing him to confess to the alleged theft. *Id.* at 2, 7-9, 11-12; Dkt. # 12. Plaintiff further alleges that, as a result of the defendants' false allegations against him, he was branded a thief and was assaulted by two inmates after his release from segregation. *Id.* at 8, 12. He alleges that he suffered physical injuries from the assault and depression from being falsely accused and placed in segregation where he had limited privileges. *Id.* at 8, 10-12.

In Count II of his amended complaint, Plaintiff alleges that defendant Kathleen Wolfe committed slander when she falsely accused him of being rude and of not needing a breathing treatment for an asthma attack. *Id.* at 2-3, 5-6, 12. He further alleges that Wolfe's failure to treat his asthma attack forced him to use another inmate's inhaler and caused him physical pain and a "worrisome mind." *Id.* at 6, 12.

Plaintiff seeks the following relief: "$1,000,000.00 from Sgt. Chris Straight; $1,000,000.00 from Sgt. Jerry Barlow; $250,000.00 from Kathleen Wolfe; $250,000.00 from D/O [Hirsch]; $2,000,000.00 for compensatory damages." *Id.* at 3.

**1. Count I fails to state a claim upon which relief may be granted**

In Count I, Plaintiff claims that defendants Straight, Barlow and Hirsch violated his Fourteenth Amendment due process rights by falsely accusing him of theft, placing him in

3

segregation without any evidence and without written notice or a disciplinary hearing, and harassing him to make a false confession. *Id.* at 2, 7-9, 11-12.

Liberally construed, Plaintiff appears to allege a violation of his right to procedural due process. Under the Fourteenth Amendment, a state must provide procedural due process before it deprives a citizen of property or liberty. *Brown v. Eppler*, 725 F.3d 1221, 1225 (10th Cir. 2013). But "[p]rocedural due process guarantees apply only to those liberty and property interests encompassed by the fourteenth amendment." *Id.* (quoting *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991)). Thus, to state a plausible procedural due process claim, Plaintiff must allege that he was deprived of a constitutionally protected liberty interest without procedural due process.

Despite liberal pleading requirements and his pro se status, plaintiff's task is not an easy one. In the prison context, "not every deprivation of liberty at the hands of prison officials has constitutional dimension. This is so because incarcerated persons retain only a 'narrow range of protected liberty interests.'" *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012) (quoting *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994)). Here, Plaintiff seems to allege that he was deprived, without due process, of his liberty interest in remaining in general population rather than being placed in segregation. *See* Dkt. # 11 at 7-9, 11-12. Significantly, "the Supreme Court has recognized that 'the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.'" *Id.* (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). Instead, "[a] protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an '"atypical and significant hardship . . . in relation to the ordinary incidents of prison life."'" *Id.* (quoting *Wilkinson*, 545 U.S. at 223). Determining whether

4

a particular hardship is atypical and significant is not an exact science. But the Tenth Circuit has identified "four potentially relevant, nondispositive factors" to guide the analysis: "'whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate.'" *Id.* at 1013 (quoting *Estate of Dimarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007)).

Considering these factors, the Court finds that Plaintiff's allegations are insufficient to state a plausible procedural due process claim because his allegations do not support that his placement in segregation imposed an atypical significant hardship. Plaintiff alleges that after Barlow and Straight falsely accused him of theft, he was housed in segregation where his "all of [his] privileges" and "some of [his] resources" "were severely limited." Dkt. # 11 at 12. He specifically alleges that he "could no longer shower, use the phone or use the recreation area as [he] wanted and needed," that he was placed in handcuffs for visitation, and that he was placed in "full restraints when [he] had to go to medical." *Id.* at 11. While these allegations support that Plaintiff's privileges and resources may have been limited, they do not support that the conditions of segregation were extreme. In fact, Plaintiff's own allegations show that he was allowed visitation and trips to the medical unit even if he could not shower or use the phone at will. *See id.* Further, Plaintiff's allegations show that his time in segregation was not indeterminate. Although he does not specifically state how long he remained in segregation, his allegations suggest that he remained there for a only few weeks before being released back into general population. *See* Dkt. # 11 at 9 (alleging that Hirsch visited him in segregation each week to harass him to confess to the alleged

5

theft and that he was released when he threatened a lawsuit). And nothing in the amended complaint suggests that his placement in segregation increased the overall duration of his confinement.

In sum, even accepting as true Plaintiff's allegations that he was placed in segregation without notice, without a disciplinary hearing, and without evidence, the Court finds that Plaintiff fails to plausibly allege that he was deprived of a recognized liberty interest without procedural due process. As a result, the Court finds that Count I of the amended complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

**2. Count II fails to state a claim upon which relief may be granted**

Plaintiff labels his Count II claim as one for "Slander" and alleges that on May 19, 2015, defendant Kathleen Wolfe, a facility nurse, made "false accusations of [Plaintiff] being rude and not needing a breathing treatment." *See* Dkt. # 11 at 2-3, 5-6, 12. In support of this claim, Plaintiff alleges that he sought medical treatment for an asthma attack, waited patiently to be called by medical staff, and stopped to get a drink of water after Wolfe called him to be seen. *Id.* at 5. According to Plaintiff, Wolfe "snapped" at him for getting a drink and suggested that he must not need a breathing treatment if he had the time and ability to drink water. *Id.* at 5-6. After Plaintiff questioned Wolfe's statements, "Wolfe then told another nurse and a detention officer that [Plaintiff] was being 'ejected' from medical because [he] was being rude." *Id.* at 6. Plaintiff further alleges that, as a result of Wolfe's failure to provide a breathing treatment, he had to use another inmate's "rescue inhaler," he suffered "a great deal of physical pain," and he was "inflicted" with "a worrisome mind." *Id.* at 3, 6, 12.

6

### a. Inadequate medical care

Although Plaintiff characterizes Count II as solely asserting a claim for slander, i.e., a state-law claim, the Court will first consider whether Plaintiff's allegations state a plausible § 1983 claim. To the extent Plaintiff's allegations against Wolfe could be reasonably read as asserting that he was denied adequate medical care, the Court finds that the amended complaint fails to state a plausible § 1983 claim against Wolfe.

It appears that Plaintiff was a pretrial detainee at the time of the incident in question. *See* Dkt. # 11 at 9 (referring to incarceration on murder charges). "Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985)). Under the Eighth Amendment, jail officials must, *inter alia*, "ensure that inmates receive adequate . . . medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a plausible Fourteenth Amendment claim based on inadequate medical care, Plaintiff must allege that Wolfe acted with "deliberate indifference to [his] serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A deliberate-indifference claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, an inmate must allege facts supporting that his or her medical need was "sufficiently serious," i.e., a need "'diagnosed by a physician as mandating treatment or . . . so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). To satisfy the subjective component, the inmate must allege facts

supporting that the prison official who denied adequate medical care "acted or failed to act despite [the official's] knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. To show that the official acted with the "sufficiently culpable state of mind," the inmate must plausibly allege that the official "kn[ew] of and disregard[ed] an excessive risk" to the inmate's health. *Id.* at 837.

The Supreme Court has cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. *Estelle*, 429 U.S. at 105-06. Furthermore, a delay in medical care, even for a serious medical need, "only constitutes an Eighth Amendment violation where the [inmate] can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977).

In this case, Plaintiff's allegations, even accepted as true, support only that he disagreed with Wolfe as to whether he needed a breathing treatment on May 19, 2015. *See* Dkt. # 11 at 5-6. This is insufficient to state a deliberate indifference claim. *McCracken*, 562 F.2d at 24; *see also Rivers v. Hodge*, 2013 WL 989957, *6 (E.D. Va. Mar. 12, 2013) (unpublished)[2] (finding a denial of requested breathing treatment "amounts to no more than a disagreement between plaintiff and the nurse over the appropriate course of treatment" and does not state claim for deliberate indifference). In addition, although asthma can be a serious medical condition and Plaintiff alleges that he suffered "a great deal of physical pain," Dkt. # 11 at 3, 12, he also alleges that after he was "ejected" from the medical unit he used another's "rescue inhaler" to quell his asthma attack. Dkt. # 11 at 6. The

---

[2] This decision, and any other unpublished decision cited herein, is not precedential but is cited for its persuasive value. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

Court finds that these factual allegations do not support a plausible claim that Wolfe acted with deliberate indifference to a sufficiently serious medical need.[3] Thus, Plaintiff's claim of inadequate medical care, as alleged in Count II of the amended complaint, fails to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### b. Slander

Plaintiff also alleges in Count II that Wolfe committed slander when she told another nurse that he was being rude and that he did not need a breathing treatment. Dkt. # 11 at 2, 5-6. "An action alleging slander is a state-law claim within this Court's pendent jurisdiction." *Beals v. Fields*, 2016 WL 8376570, *5 (W.D. Okla. Dec. 23, 2016) (unpublished). However, because this Court has found that Plaintiff's amended complaint fails to state any plausible § 1983 claims against the defendants, the Court declines to exercise pendent jurisdiction over Plaintiff's state-law claim and that claim shall be dismissed without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (stating that federal court should decline to exercise pendent jurisdiction over state-law claims if all federal claims are dismissed before trial and should dismiss state-law claims without prejudice).

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

The Court granted Plaintiff leave to proceed in forma pauperis. *See* Dkt. # 4. In addition, the Court has concluded that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and should therefore be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

---

[3] Furthermore, Plaintiff's allegations that Wolfe's actions and rude behavior "inflicted [him] with a worrisome mind" do not support a constitutional violation. *See, e.g.*, *Archuleta v. Adams Cty. Bd. of Cty. Comm'rs*, 2011 WL 3799029, *9 (D. Colo. June 14, 2011) (unpublished) ("Name-calling and verbal harassment do not rise to the level of a constitutional violation.").

This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time (Dkt. # 9) is **declared moot**.

2. Plaintiff's amended complaint (Dkt. # 11) is **dismissed without prejudice**. *See* 28 U.S.C. § 1915A(b)(1); *Brooks*, 614 F.3d at 1229.

3. The Clerk is directed to flag this dismissal as the plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate Judgment shall be entered in this case.

**DATED** this 16th day of February 2018.

**TERENCE KERN**
**United States District Judge**